IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ISSAC KING, JR., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | NO. 5:14-cv-0387-MTT-MSH |
| VS. | : | |
| | : | |
| HOUSTON COUNTY GEORGIA | : | |
| Public Defender's Office, ANGIE | : | |
| COGGINS, Chief Asst. Public | : | |
| Defender's Office, and DARCY L. | : | |
| SHORES, Ph.D., Psy.D., | : | |
| | : | |
| **Defendants** | : | |

## ORDER

Plaintiff Issac King, Jr., a state inmate currently confined at the Houston County Jail in Perry, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. The Court has now conducted a preliminary review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A(a), and finds that Plaintiff's allegations fail to state a claim upon which relief may be granted. The Complaint is accordingly **DISMISSED**. *See* 28 U.S.C. § 1915A(b)(1). Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is **GRANTED** only for the purpose of this dismissal; and Plaintiff's Motion for the Appointment of Counsel (Doc. 5) is **DENIED**.

### I.    Motion for Leave to Proceed *in forma pauperis*

Plaintiff has requested leave to proceed in this action without prepayment of the filing fee. *See* 28 U.S.C. § 1915. Upon review of Plaintiff's pauper's affidavit and the allegations in his Complaint, Plaintiff's Motion will be **GRANTED**, but only for the

purposes of dismissal.

### II.     Motion for Appointment of Counsel

Plaintiff has also requested that counsel be appointed to assist him in prosecuting this case.    Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel."    However, there is "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit.    *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).    Appointment of counsel is a privilege that is justified only by exceptional circumstances.    *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).    In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.    *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

In this case, Plaintiff has filed a standard § 1983 *pro se* complaint. The Court is now required to review the Complaint to determine whether Plaintiff's allegations support a colorable legal claim.    This process is routine in *pro se* prisoner actions and is thus not an "exceptional circumstances" justifying appointment of counsel. The facts stated in Plaintiff's Complaint are not complicated; and the law governing Plaintiff's claims is neither novel nor complex.    Plaintiff's motion is accordingly **DENIED**.

### III.     Preliminary Review

A. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a).    In so doing, the district court must accept all factual allegations in the complaint as true.    *Brown v.*

*Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint – when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, to state a cognizable claim, a plaintiff must allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. *See id.* "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

B. Plaintiff's Complaint

Plaintiff's Complaint alleges that his public defender, Angie Coggins, unlawfully shared his "personal letters" with Dr. Darcy Shores, a psychologist at Central State Hospital. Plaintiff asserts that this disclosure violated both the attorney-client privilege and his right to privacy under the Fourteenth Amendment. .

Even when liberally construed and read in his favor, Plaintiff's allegations fail to state a claim. To state a claim under § 1983, a plaintiff must allege facts to show (1) that

an act or omission deprived him of a right, privilege or immunity secured by the

Constitution or laws of the United States, and (2) that the act or omission was committed

by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.

Ct. 1908, 68 L.Ed.2d 420 (1981), overruled in other part by *Daniels v. Williams*, 474 U.S.

327, 106 S. Ct. 662, 88 L.Ed.2d 662 (1986). Generally, a public defender is not

considered "person" acting under of color of [state law]" for the purposes of 42 U.S.C. §

1983 "when performing a lawyer's traditional functions as counsel to a defendant in a

criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70

L.Ed.2d 509 (1981). Nor is the "Houston County Public Defender's Office" an entity that

can be sued under § 1983. *See Johnson v. Georgia*, Nos. 7:07-CV-I 19 & 6:06-CV-49,

2007 WL 2594177, at *2 (M.D. Ga. Sept. 5, 2007); *Dean v. Barber*, 951 F.2d 1210, 1214

(11th Cir. 1992).

There is also nothing alleged in Plaintiff's Complaint to show that he has been

"deprived him of a right, privilege or immunity secured by the Constitution or laws of the

United States." *Parratt*, 451 U.S. at 535. Although a state actor's improper disclosure of

properly obtained confidential information may, in some cases, support a claim for

invasion of privacy, "the Constitution does not encompass a general right to

nondisclosure of private information." *See Wilson v. Collins*, 517 F.3d 421, 429 (6th Cir.

2008). The existence and extent of constitutional protections provided under the

Fourteenth Amendment depends on "the type of information involved and the individual's

reasonable expectation that the information would remain confidential." *Ezzard v.

Eatonton-Putnam Water & Sewer Authority*, No. 5:11–CV–505, 2013 WL 5438604, at *15

(M.D. Ga. Sept. 27, 2013). *See also Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 457, 97

S.Ct. 2777, 53 L.Ed.2d 867 (1977); *Denius v. Dunlap*, 209 F.3d 944, 957 (7th Cir. 2000).

Thus, to state an invasion of privacy claim, a plaintiff must allege facts to show that there

has been a disclosure of information in which he may have had a protected privacy

interest. *Compare Alexander v. Peffer*, 993 F.2d 1348 (8th Cir. 1993) (recognizing a

constitutionally protected privacy interest in "highly personal medical or financial

information"), *with Lambert v. Hartman*, 517 F.3d 433 (6th Cir. 2008) (holding that plaintiff

had no privacy interest in her name, home address, birth date, driver's license number,

and social security number).

Here, Plaintiff has not alleged either the type of information disclosed or the

context in which it was disclosed.   Plaintiff's vague and conclusory allegation that

"private" and "personal" information was shared in violation of his right to privacy is simply

not sufficient to state a § 1983 claim.   *See Oxford Asset Mgmt., Ltd.*, 297 F.3d 1182,

1188 (11th Cir. 2002) ("unwarranted deductions of facts or legal conclusions

masquerading as facts will not prevent dismissal").   For the same reason, Plaintiff has

also failed to allege any violation of the attorney-client privilege; clearly, not all

communications between an attorney and his client are privileged.   *See Fisher v. U.S.*,

425 U.S. 391, 403, 96 S. Ct. 1569, 48 L.Ed.2d 39 (1976).   Even if he had, a mere ethical

violation by Plaintiff's counsel will not support a § 1983 claim unless the disclosure also

offends the Constitution or other federal law. *See* 42 U.S.C. § 1983.   Again, Plaintiff has

made no such showing.

## IV.   CONCLUSION

Because Plaintiff has failed to state a claim upon which relief may be granted, his

Complaint is hereby **DISMISSED without prejudice** pursuant to 28 U.S.C. §

1915A(b)(1).   Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is **GRANTED** only

for the purpose of this dismissal; and his Motion for the Appointment of Counsel (Doc. 5)

is **DENIED**.

      **SO ORDERED**, this 19th day of November, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr